MURIEL M. DUNN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunn v. Commissioner
Docket No. 20054-90
United States Tax Court
T.C. Memo 1991-483; 1991 Tax Ct. Memo LEXIS 532; 62 T.C.M. (CCH) 866; T.C.M. (RIA) 91483; September 26, 1991, Filed *532 Muriel M. Dunn, pro se. Randall E. Heath, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.) The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted under Rule 40 and respondent's oral motion for a penalty under section 6673. Respondent's motion to dismiss for lack of jurisdiction as to the 1988 year was granted, and petitioner's motion to restrain assessment or collection with respect to that year was denied. Respondent determined deficiencies and additions to petitioner's Federal income tax as follows: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1986
$ 11,132
$ 1,249
$ 557
*
$ 167
1987
10,948
2,174
547 **
536
*533 Petitioner resided in Bellevue, Washington, when she filed her petition in this case. Respondent made determinations, based upon reports from various payors, that petitioner failed to report wages, interest income, pension income, ordinary income, income from stocks and bonds, and dividends as income on Federal income tax returns for the years in issue. Petitioner admits that she did not file tax returns. She also disputes respondent's determinations and claims, among other things, that because she did not file a tax return, no notice of deficiency could be issued. She also claims that she was not required to file a tax return. Her arguments are groundless. If the Commissioner determines a deficiency in income tax, he is authorized to send a notice of deficiency by certified or registered mail to the taxpayer. Secs. *534 6211 and 6212; secs. 301.6211-1 and 301.6212-1, Proced. & Admin. Regs. A taxpayer has 90 days from the mailing of a notice of deficiency within which to file a petition with the Tax Court challenging the determined tax liability. Sec. 6213; sec. 301.6213-1, Proced. & Admin. Regs. This is the route petitioner chose to follow. We find that the notice of deficiency in this case complies with the applicable statutes and reject petitioner's contentions. Moreover, there is no procedure which permits a party to unilaterally withdraw a petition once filed. , affd. per curiam . Section 61 provides that "gross income means all income from whatever source derived, including (but not limited to)" "compensation," "gains derived from dealings in property," "interest," "dividends," and "pensions." Petitioner's contention that she is not subject to taxation and therefore not liable for income taxes is without merit. The short answer to petitioner's assertions that she is not a taxpayer is that she is not exempt from Federal income tax. . In her petition, amended *535 petition, response to respondent's answer, and at a hearing on respondent's motions, petitioner made tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., , affg. ; ; , affd. . We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent *536 for the amounts determined in the notice of deficiency for the years 1986 and 1987. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We hold that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 7,500. *537 An appropriate order and decision will be entered.
Footnotes
*. 50 percent of the interest due on $ 6,154, which is the underpayment of tax due to negligence. ** 50 percent of the interest due on $ 8,694, which is the underpayment of tax due to negligence.↩